UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY LUCAS,

                              Petitioner,

              -against-

ODYSSEY HOUSE,

                              Respondent.

22-CV-9206 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner Troy Lucas, who is currently housed in the Manhattan Psychiatric Center, a

facility operated by the New York State Office of Mental Health, brings this petition for a writ of

*habeas corpus* under 28 U.S.C. § 2254. By order dated December 7, 2022, the Court granted

Petitioner's application to proceed *in forma pauperis* (IFP). For the reasons set forth below, the

Court denies the petition.

## STANDARD OF REVIEW

        The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under

Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a

Section 2254 petition without ordering a responsive pleading from the State "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117,

123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them

"to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 474 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir.

2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

Petitioner brings his claims using the court's form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, naming Odyssey House as the Respondent. In response to every question on the form, Petitioner either checks the "no" box, or writes "N/A," including questions asking for his name and information regarding the conviction he purports to be challenging, except to state that he pleaded not guilty.[1] (*See* ECF 2, at 1-5.)

In response to the question on the form asking him to state the grounds that support his claim that he is being held in violation of the Constitution, laws, or treaties of the United States, Petitioner provides two grounds for relief: (1) from July 7, 2013, through June 1, 2015, when he resided at Odyssey House, located at 130th Street and Park Avenue, in New York, New York, he was "overcharged" $7,512 for the cost of rent; and (2) he kept getting hospitalized "for no apparent reason." (*Id.* ¶ 12.) Petitioner also writes without elaboration, "due process" and "Dred Scott decision." (*Id.*) Petitioner does not specify the relief he seeks.

---

[1] Petitioner has filed other *pro se* petitions for a writ of *habeas corpus* in this court, none of which appears to relate to this petition. *See Lucas v. Comm'r of OMH*, ECF 1:21-CV-8484, 4 (S.D.N.Y. Nov. 16, 2021) (denying petition under Section 2254 in which Petitioner appeared to challenge the conditions at Manhattan Psychiatric Center); *Lucas v. Booker*, ECF 1:21-CV-8475, 4 (S.D.N.Y. Nov. 16, 2021) (denying petition under 28 U.S.C. § 2241 that alleged, among other things, that "Local Rapper Kevin Booker" infringed on Petitioner's copyrighted material); *Lucas v. Comm'r of OMH*, ECF 1:21-CV-10675, 4 (S.D.N.Y. Jan. 10, 2022) (denying petition under Section 2241 on the merits); *Lucas v. Comm'r of OMH*, ECF 1:21-CV-10676, 4 (S.D.N.Y. Jan. 3, 2022) (denying petition under Section 2254, which asserted same facts that were set forth in *Lucas,* No. 21-CV-10675).

## DISCUSSION

### A.  *Habeas corpus* relief

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a Section 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Here, Petitioner fails to specify the conviction he challenges or any grounds entitling him to *habeas corpus* relief. Moreover, Petitioner does not state facts suggesting that he is in custody on any conviction. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that he does not appear to be challenging his present custody. It may be that Petitioner was mandated to attend drug treatment at Odyssey House in connection with a criminal matter; even if that were the case, there is no indication that his present confinement at the Manhattan Psychiatric Center bears any relationship to that criminal matter or the time that he spent at Odyssey House.

Because Petitioner does not allege that he is in custody in violation of the Constitution or laws of the United States, the Court denies the petition.

### B.  Claim for money damages

To the extent Petitioner seeks money damages against Odyssey House for what occurred there, he would need to seek such relief under 42 U.S.C. § 1983. To state a claim under 42

3

U.S.C. § 1983, however, a Petitioner must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In addition, in the State of New York, there is a three-year limitations period for claims brought under Section 1983. *Owens v. Okure*, 488 U.S. 235, 249-51 (1989). Such claims generally accrue when a Petitioner knows or has reason to know of the injury that is the basis of the claim. *E.g., Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). In addition, "[a]lthough federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas*, 480 F.3d at 641 (citation omitted).

Here, there are no facts in the complaint suggesting that Petitioner is asserting a constitutional or other claim that is viable under Section 1983, or that Odyssey House acted under color of state law. Moreover, Petitioner alleges that the underlying events occurred from 2013 through 2015, indicating that this complaint is untimely filed.

## LEAVE TO AMEND

Petitioner proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented petitioner an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). It is not clear that Petitioner can state a

valid Section 1983 claim, but in an abundance of caution, the Court grants Petitioner 30 days' leave to amend his complaint to detail his claims.

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, for lack of jurisdiction. The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

Petitioner must submit an amended pleading to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Petition," and label the document with docket number 22-CV-9206 (LTS). An Amended Petition form is attached to this order. No answer is required at this time. If Petitioner's amended pleading fails to remedy the deficiencies discussed in this order, or if fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 13, 2023
    New York, New York

/s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge

AO 241                                                                                                           Page 1
(Rev. 06/13)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state
      court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but
      you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment
      that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal
      court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be
      prosecuted for perjury.

5.    Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do
      not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a
      brief or arguments, you must submit them in a separate memorandum.

6.    You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to
      proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you
      must submit a certificate signed by an officer at the institution where you are confined showing the amount of
      money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment
      entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and _____ copies to the Clerk of the United States District
      Court at this address:

                              **Clerk, United States District Court for**
                                            **Address**
                                    **City, State  Zip Code**

9.    <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that
      you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds
      in this petition, you may be barred from presenting additional grounds at a later date**.

10.   <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and
      should request the appointment of counsel**.

AO 241                                                                                                          Page 2
(Rev. 06/13)                              **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|

v.

The Attorney General of the State of

**AMENDED**
**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

      (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

      (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?    ❑  Yes       ❑  No

5.    Identify all crimes of which you were convicted and sentenced in this case:

6.    (a) What was your plea? (Check one)

            ❑  (1)    Not guilty       ❑  (3)    Nolo contendere (no contest)

            ❑  (2)    Guilty            ❑  (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury        ❒ Judge only

7.        Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes        ❒ No

8.        Did you appeal from the judgment of conviction?

❒ Yes        ❒ No

9.        If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❒ Yes        ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?          ❏   Yes          ❏   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.          Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❏   Yes          ❏   No

11.          If your answer to Question 10 was "Yes," give the following information:

(a)          (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏   Yes          ❏   No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes        ❏  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:        ❏  Yes        ❏  No

(2)  Second petition:     ❏  Yes        ❏  No

(3)  Third petition:        ❏  Yes        ❏  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐ Yes    ❐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?    ❐ Yes    ❐ No

    (4) Did you appeal from the denial of your motion or petition?    ❐ Yes    ❐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❐ Yes    ❐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)　　**Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　❏　Yes　　❏　No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　❏　Yes　　❏　No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?     ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒   Yes          ❒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒   Yes          ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?　　　　　　　　❏　Yes　　❏　No

(4) Did you appeal from the denial of your motion or petition?　　　　　　❏　Yes　　❏　No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❏　Yes　　❏　No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.   Please answer these additional questions about the petition you are filing:

(a)      Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?      ❐  Yes      ❐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)      Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?      ❐   Yes      ❐   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?      ❐   Yes      ❐   No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?              ❐   Yes     ❐   No
        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:
        (c) Give the length of the other sentence:
        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?              ❐   Yes     ❐   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print        Save As...                                                                                              Reset